UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES L. MANCUSO, ARNOLD S. CARLON; and DOES 1 to 10, inclusive,<br><br>    Defendants. | No. 2:17-cv-01009-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant James L. Mancuso's ("Defendant") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of San Joaquin.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 1, 2016, Plaintiff Jordan Lee ("Plaintiff") filed an unlawful detainer action in the San Joaquin County Superior Court of California. (Not. of Removal, ECF No. 1 at 6–7.) On May 15, 2017, Defendant filed a Notice of Removal in the United States District Court, Eastern District of California, alleging that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1441. (ECF No. 1 at 2.) Defendant included a copy of the state court summons in his filing in this Court, but has not provided any other documents, pleadings, or orders from the state court case.

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

28 U.S.C. § 1446 requires a defendant removing a civil action from a state court to a district court to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a).

Section 1446 also requires that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

## III. ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction. However, Defendant did not include the required documents in his filing — specifically, he did not include the pleading Plaintiff filed in state court. Defendant's filing, therefore, fails to meet the minimum requirements.

Further, the Court cannot properly evaluate Defendant's filing without those documents. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Without Plaintiff's state court pleading, this Court cannot determine whether federal question jurisdiction is appropriate.

Defendant has not met his burden of showing that jurisdiction before this Court is proper. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

As to the merits, Defendant appears to assert jurisdiction on the basis of his defenses. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009). Defendant alleges that he withheld rent due to discrimination, relating to the dwelling's condition, pursuant to provisions of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(3)(A) and 3604(f)(3)(C)(ii)–(iii). (ECF No. 1 at 3–4.) Defendant cannot base removal on the defenses he asserts.

Additionally, Defendant has filed pro se, but it appears he is trying to remove the case on behalf of himself and his co-defendants. A party may represent himself and manage his own case in federal court. 28 U.S.C.A. § 1654. "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Defendant Mancuso, a pro se litigant who does not purport to be licensed to practice law in California, cannot represent or file on behalf of any of his co-defendants.

Finally, the Court notes that this action may not have been timely filed as Defendant appears to have filed well after the 30-day period required by 28 U.S.C. § 1446(b)(1).

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin. Defendant's motion for in forma pauperis status (ECF No. 2), meets the requisite standard. Defendant's motion for in forma pauperis status is GRANTED.

IT IS SO ORDERED.

Dated: May 16, 2017

Troy L. Nunley
United States District Judge

3